UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
LATEEFAH FLEMING,                        :
                       Plaintiff,        :
                                         :      05 Civ. 9746 (DLC)
           -v-                           :
                                         :      OPINION & ORDER
EDWINA FORTY and ELRAC INC., d/b/a       :
Enterprise Rent-A-Car,                   :
                       Defendants.       :
                                         :
----------------------------------------X

Appearances

For Plaintiff:
Joseph Fleming
116 John Street, Suite 2830
New York, NY 10038

For Defendant Edwina Forty:
James M. Carman
Carman, Callahan & Ingham, LLP
266 Main Street
Farmingdale, NY 11735


DENISE COTE, District Judge:

    Plaintiff Lateefah Fleming ("Fleming") brings this action

to recover for damages sustained from an automobile collision

between Fleming and defendant Edwina Forty ("Forty").  Fleming

seeks to recover for damage to her vehicle, loss of income, and

physical injuries.  After defendant Elrac Inc. was discontinued

from the action, defendant Forty brought a motion for summary

judgment; a motion to dismiss for failure to state a claim; and

a motion to remand.  For the following reasons, the motions are granted.

## Background

The following facts are not in dispute or are taken in the light most favorable to the party opposing summary judgment, unless otherwise noted.  On the evening of January 9, 2003, Fleming was driving on 123rd Street in Manhattan, when her vehicle collided with a vehicle driven by defendant Forty.[1] Following the accident, Fleming was taken to Harlem Hospital, where she made complaints about pain in her left shoulder, left hip, back, and left knee.  X-rays were taken, and she was told that she had no broken bones.  She was discharged and told to follow up with her doctor.  Prior to the accident, Fleming was an independent contractor working as a dance and pilates instructor and personal trainer.

A week after the accident, on January 16, Fleming was examined by Dr. Robert A. Adair ("Dr. Adair"), her regular doctor.  According to Dr. Adair's affidavit, he examined Fleming and noted "injury to her shoulder and hips and difficulty with

---

[1] Contrary to the requirements of Local Civil Rule 56.1, the defendant's 56.1 Statement fails to include citation to any evidentiary support for her statements.  Instead, the evidentiary support is cited in the Statement of Facts of defendant's memorandum in support of her motion for summary judgment.

mobility in the area of her left shoulder and left hip," and that she complained of a level of pain "such that she was unable to engage in her normal work activity."  Dr. Adair instructed Fleming "to refrain from engaging in her normal strenuous activity for as long as it took for her injury to heal."  In his opinion, "she would be unable to engage in the strenuous activity associated with her line of work, so long as she experienced the pain."

Fleming refrained from working until the end of January. She returned to work in February on a slower schedule of approximately ten hours per week, which continued until the fall.  During this period, she was unable to dance or physically lead a class.  According to her deposition testimony, she was restricted in her physical activities, both professionally and otherwise, due to the pain.

After her January 16 visit to Dr. Adair, Fleming was referred for an MRI.  Other than the MRI, Dr. Adair did not refer Fleming to anyone else, such as a physical therapist or a chiropractor.  Fleming made several more visits to Dr. Adair during the year, but no affidavits from Dr. Adair were submitted regarding any subsequent visits.  Her medical expenses from Harlem Hospital and visits to Dr. Adair were paid for by her husband's insurance.

Fleming filed this action in New York state court, and
defendants removed it to federal court on November 15, 2005,
based on diversity under 28 U.S.C. § 1332.  Fleming claims that
as a result of her injuries from the accident, she was
incapacitated from her work and unable to engage in her normal
activities for a period of ninety or more days.  She seeks to
recover the $500 deductible she paid for damage to her vehicle;
$12,000 for lost income; and $1 million for physical injuries.
Following fact discovery, Forty moved for summary judgment
because Fleming did not sustain a "serious injury," as defined
in Section 5102(d) of New York Insurance Law and required under
New York's "No Fault" regime.  In addition, Forty moves to
dismiss for failure to state a claim, and to remand to state
court.

Discussion

A. Motion for Summary Judgment

Summary judgment may not be granted unless all of the
submissions taken together "show that there is no genuine issue
as to any material fact and that the moving party is entitled to
a judgment as a matter of law."  Rule 56(c), Fed. R. Civ. P.
The moving party bears the burden of demonstrating the absence
of a material factual question, and in making this determination
the court must view all facts in the light most favorable to the

non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings.  Rule 56(e), Fed. R. Civ. P.; accord Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006).

Under New York "No Fault" insurance law, in an action for personal injury arising out of negligence in the use of a motor vehicle, "there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss."  N.Y. Ins. Law § 5104(a) ("Section 5104(a)").  Serious injury is defined as:

> a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

Id. § 5102(d) ("Section 5102(d)") (emphasis added).  Non-
economic loss includes pain and suffering, id. § 5102(c), while
basic economic loss includes medical expenses and loss of
earnings of "up to fifty thousand dollars per person."  Id. §
5102(a) ("Section 5102(a)").

    "It is well established that to satisfy the statutory
serious injury threshold, plaintiff must have sustained an
injury that is identifiable by objective proof; plaintiff's
subjective complaints of pain do not qualify as a serious injury
within the meaning of Insurance Law § 5102(d)."  Tuna v.
Babendererde, 819 N.Y.S.2d 613, 615 (App. Div. 2006).  "On a
motion for summary judgment dismissing the complaint, defendant
must demonstrate that plaintiff has not suffered a serious
injury within the meaning of Insurance law § 5102(d)."  Id.  The
burden then shifts to the plaintiff "to come forward with
competent admissible medical evidence, based on objective
findings, sufficient to raise a triable issue of fact that she
sustained a serious injury."  Luckey v. Bauch, 792 N.Y.S.2d 624,
624 (App. Div. 2005) (citation omitted).

    Forty's motion for summary judgment is supported by the
Harlem Hospital records, Fleming's deposition testimony, and
records from Dr. Adair's office.  The Harlem Hospital X-ray
records show that Fleming sustained no fractures.  The diagnosis
was cervical sprain, which does not alone rise to the level of

"serious injury." Keena v. Trappen, 742 N.Y.S.2d 344, 345 (App. Div. 2002). By her own testimony, Fleming states that she received little further treatment from Dr. Adair or anyone else for her injuries, other than an MRI. The records from Dr. Adair's office show limited visits and unrelated treatment, and do not support a "serious injury" designation.

The burden thus shifted to Fleming to raise a material issue of triable fact. In order to rely on the serious injury category whereby one is prevented from performing "substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days," the injury must be "medically determined." Section 5102(d). Fleming has relied upon her own affidavit and Dr. Adair's.[2] Dr. Adair's affirmation is not sufficient to raise an issue of fact because his affidavit shows he only examined her once, immediately after the accident. His affidavit was issued four years after he treated Fleming on January 16, 2003. His opinion that she could not engage in strenuous activity while she experienced pain does not explain why there was no continued treatment of Fleming nor any referrals to therapists or

---

[2] Fleming has also submitted a report from her MRI. Assuming that Fleming will be able to provide admissible evidence of the report's contents, the examination of her left shoulder six months after the accident with the ultimate diagnosis of "[m]ild hypertrophy of the acromioclavicular capsule" is not sufficient to raise a question of fact on the issue of serious injury.

chiropractors during the next several months in which Fleming claims she was unable to work.  Furthermore, "his affirmation fails to set forth diagnostic techniques that were not dependent upon plaintiff's subjective complaints of pain."  Tuna, 819 N.Y.S.2d at 617.

Fleming's affidavit details the various ways in which her work and daily activities were limited due to the injury, but "in the absence of objective proof that plaintiff sustained a medically determined injury, her own affidavit describing the limitations upon her daily activities is insufficient to raise an issue of fact with respect to the 90/180 day category of serious injury."  Id.  After the initial visit to Dr. Adair, Fleming sought little medical attention for her injuries, and has provided no evidence to support the claim that she sustained a medically-determined injury from the accident.  Therefore, Fleming has not offered evidence to raise a question of fact as to whether she sustained a sufficiently serious injury to maintain an action under Section 5102(d).


B. Motion to Dismiss for Failure to State a Claim

When considering a motion to dismiss under Rule 12(b)(6), a trial court "must accept as true all the factual allegations in the complaint and draw all reasonable inferences in plaintiffs' favor."  In re Tamoxifen Citrate Antitrust Litig., 466 F.3d 187,

200 (2d Cir. 2006) (citation omitted).  It may "dismiss a
complaint only if it is clear that no relief could be granted
under any set of facts that could be proved consistent with the
allegations" set forth therein.  Swierkiewicz v. Sorema N.A.,
534 U.S. 506, 514 (2002) (citation omitted); see also Twombly v.
Bell Atl. Corp., 425 F.3d 99, 106 (2d Cir. 2005).

An action brought under the New York No Fault regime
requires the plaintiff to state in the complaint "that the
plaintiff has sustained a serious injury, as defined in [Section
5102(d)], or economic loss greater than basic economic loss, as
defined in [Section 5102(a)]."  N.Y. C.P.L.R. 3016(g).  In the
second claim of her complaint, Fleming seeks $12,000 for loss of
income.  Under Section 5102(a), however, basic economic loss is
a loss up to $50,000; any claim for economic loss must exceed
$50,000.  Fleming's $12,000 claim for loss of income fails to
plead a cause of action for economic loss under Section 5104(a),
and she has not opposed the arguments raised by Forty to dismiss
her second claim.  Therefore, Fleming's second claim must be
dismissed for failure to state a claim.


C. Motion to Remand

The only remaining claim is Fleming's first claim for the
$500 deductible based on property damage to her vehicle.  Forty
has moved to remand to the state court on the ground that it no

longer satisfies the amount in controversy requirement for
diversity jurisdiction under 28 U.S.C. § 1332, and Fleming has
not opposed the request.  The Court declines to exercise
supplemental jurisdiction over this claim, and the motion to
remand is granted.

## Conclusion

For the above reasons, the defendant's motion for summary
judgment is granted as to the third claim alleging serious
injury; the defendant's motion to dismiss for failure to state a
claim is granted as to the second claim alleging economic loss;
and the defendant's motion to remand to the state court is
granted as to the first claim alleging property damage.  The
Clerk of Court shall remand and close the case.

SO ORDERED:

Dated:    New York, New York
          April 4, 2007

                                    _____
                                    DENISE COTE
                                    United States District Judge

10